## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Newtek Business Services Corp., | : |
| Plaintiff, | : |
| | : Civil Action No.: |
| v. | : |
| | : **JURY TRIAL DEMANDED** |
| Newity LLC, | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Newtek Business Services Corp. ("Newtek"), by and through its undersigned attorneys, brings this complaint against Newity LLC ("Newity"), for trademark infringement and unfair competition in violation of federal law, and alleges as follows:

## PARTIES

1. Plaintiff, Newtek, is a Maryland corporation with a place of business at 1981 Marcus Avenue, Suite 130, Lake Success, NY 11042.

2. Defendant, Newity, is a Delaware corporation with a place of business at 1123 W Washington Boulevard, Chicago, IL 60607.

## JURISDICTION AND VENUE

3. This action arises under the Acts of Congress under the Lanham Act, Title 15 U.S.C. § 1051, *et seq.*, and common law. As such, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

4. This court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1338(b) and 15 U.S.C. § 1121.

5. This court has supplemental jurisdiction over the claims brought under the common law pursuant to 28 U.S.C. § 1338(b) and § 1367(a).

6. This Court may exercise personal jurisdiction over Newity as Newity is incorporated in Delaware, resides in this District and regularly conducts business in this District. As such, Newity should reasonably expect that its activities might have consequences herein.

7. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) and (c).

### BACKGROUND AS TO NEWTEK'S BUSINESS AND ITS INTELLECTUAL PROPERTY

8. Newtek is a well-known business solutions company that provides small businesses with its core business needs, from financing to information technology. Newtek was established in 1998, has been publicly held since 2000 and serves all 50 states. Newtek's common shares are traded on the Nasdaq Global Market under the ticker symbol "NEWT."

9. Newtek, and its portfolio companies, provide the following services to its small business clients: (1) business lending solutions, including, but not limited to, offering U.S. Small Business Administration ("SBA") 7(a) loans ("SBA 7(a) loans") to provide small businesses with capital; (2) accounts receivable and lines of credit from $10,000 to $1.5 million; (3) electronic payment processing solutions; (4) mobile payment and processing solutions; (5) payroll and benefit processing solutions; (6) web design and full e-commerce business solutions; (7) health insurance and benefits; (8) commercial/personal insurance; and (9) complete information technology solutions. Newtek's lending and insurance solutions described in this paragraph are collectively referred to herein as the "Newtek Services."

10. Newtek has adopted and used numerous marks comprising "NEWTEK" and/or "NEWT" and owns numerous U.S. trademark registrations comprising "NEWTEK" and/or "NEWT" for use in connection with the Newtek Services (collectively, the "NEWTEK®

2

Marks"), including, but not limited to, its NEWTEK®, NEWTEK NEWT ®, and NEWTEK NEWT  ® registrations.

11. On July 12, 2006, Newtek filed an application for registration of the mark NEWTEK® in the United States Patent and Trademark Office on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 et seq. This application was assigned Serial No. 78927588 and covers the use of this mark in connection with "financial analysis for business; accounting services; online accounting services; computerized accounting services; accounting services for electronic funds services; administration of business payroll for others; payroll preparation; financial statement preparation and analysis for business; integrated tracking and management of commercial transactions on a global computer network; computer services, namely, notification services to businesses in the nature of providing information regarding business filing requirements and filing dates via the Internet and email; income tax consultation and preparation services; business acquisition and merger consultation; business appraisals; business auditing; business consultation; business development services, namely, providing start-up support for businesses of others; business invoicing services; conducting business and market research surveys; business management planning; business management information on a wide variety of topics to business professionals; business marketing; business marketing consulting services; business organizational consultation; business planning; business research and surveys; business succession planning; business supervision; preparing business reports; providing statistical information for businesses; business management consultation and management consultation services; consulting services in the field of business management, management, and human

3

resources" in Class 35, "financial analysis and consultation services; financial management services; business finance procurement services; loan financing and loan programs; providing financial and bank account information by telephone and the Internet; on-line financial and banking services; bill payment services; electronic payment, namely electronic processing and transmission of bill payment data; financial information provided by electronic means; tax payment processing services; business brokerage" in Class 36, "providing high speed access to area networks and a global computer information networks" in Class 38, and "providing temporary use of on-line non-downloadable software for use providing referral, financial, sales, planning, forecasting, and budgeting modules; providing temporary use of on-line non-downloadable software to allow customers to access account information, review referral information, and initiate contact requests" in Class 42. The date of first use of the NEWTEK® Mark is at least as early as October 3, 2000. This application was allowed by the United States Patent and Trademark Office and issued as Registration No. 3318058 on October 23, 2007. The registration has acquired incontestable status with the approval of its Section 15 Declaration. This registration is active and valid.

12. On September 15, 2006, Newtek filed an application for registration of the mark NEWTEK NEWT ® in the United States Patent and Trademark Office on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 et seq. This application was assigned Serial No. 77000237 and covers the use of this mark in connection with "financial analysis for business; accounting services; online accounting services; computerized accounting services; accounting services for electronic funds services; administration of business payroll for others; payroll preparation; integrated tracking and management of commercial transactions on a global

4

computer network; income tax consultation and preparation services; business consultation; business development services, namely, providing start-up support for businesses of others; business marketing consulting services; business planning; preparing business reports" in Class 35, "financial analysis and consultation services; business finance procurement services; loan financing and loan programs in the nature of business loans and temporary loans; electronic payment, namely, electronic processing and transmission of bill payment data" in Class 36, "providing electronic mail services for others" in Class 38, and "providing temporary use of on-line non-downloadable software to allow customers to access account information, review referral information, and initiate contact requests" in Class 42.  The date of first use of the NEWTEK NEWT ® Mark is at least as early as October 2006. This application was allowed by the United States Patent and Trademark Office and issued as Registration No. 3454308 on June 24, 2008. The registration has acquired incontestable status with the approval of its Section 15 Declaration. This registration is active and valid.

13. On June 20, 2013, Newtek filed an application for registration of the mark NEWTEK NEWT ® in the United States Patent and Trademark Office on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 et seq. This application was assigned Serial No. 85965318 and covers the use of this mark in connection with "accounting services; online accounting services; computerized accounting services; accounting services for electronic funds services; administration of business payroll for others; payroll preparation; financial statement preparation and analysis for business; integrated tracking and management of commercial transactions on a global computer network; computer services, namely, notification

services to businesses in the nature of providing information regarding business filing requirements and filing dates via the Internet and email; income tax consultation and preparation services; business acquisition and merger consultation; business appraisals; business auditing; business consultation; business development services, namely, providing start- up support for businesses of others; business invoicing services; conducting business and market research surveys; business management planning; business management information on a wide variety of topics to business professionals; business marketing; business marketing consulting services; business organizational consultation; business planning; business research and surveys; business succession planning; business supervision; preparing business reports; providing statistical information for businesses; business management consultation and management consultation services in the field of business management consulting; consulting services in the field of business management, consulting services in the field of business management, and human resources; financial record keeping and financial records management services; bookkeeping services; financial statement preparation and analysis for businesses; preparing financial reports for others; administration, billing and reconciliation of accounts on behalf of others; accounts receivable services; payroll preparation and processing services" in Class 35, "financial analysis for business; financial analysis and consultation services; financial management services; business finance procurement services; loan financing and loan programs in the nature of business loans and temporary loans; providing financial and bank account information by telephone and the internet; providing on- line financial services in the nature of banking and banking services; bill payment services; electronic payment, namely, electronic processing and transmission of bill payment data; financial information provided by electronic means; tax payment processing services; business brokerage; financial information processing and financial

analysis and research services, all for others; providing an on- line computer database featuring the financial information of others; accounts payable services" in Class 36, and "providing temporary use of on-line non-downloadable software for use in providing referral, financial, sales, planning, forecasting, and budgeting modules; providing temporary use of on-line non-downloadable software to allow customers to access account information, review referral information, and initiate contact requests; application service provider (ASP), namely, providing, hosting, managing, developing, and maintaining applications, software, websites, and databases featuring software for use in document storage and management, financial record keeping and management services, bookkeeping services, and facilitating communications between financial professionals; computer and business services, namely, hosting of the web sites of others on a computer server for a global computer network; providing information about web site development; web site hosting services; designing, developing, and hosting web sites for others; computer network address management services, namely, providing services enabling entities to reserve, manage and secure domain names for use on a global computer network and to access, add, modify, or delete their domain name information" in Class 42. The date of first use of the NEWTEK NEWT® Mark is at least as early as February 5, 2011. This application was allowed by the United States Patent and Trademark Office and issued as Registration No. 4470792 on January 21, 2014. The registration has acquired incontestable status with the approval of its Section 15 Declaration. This registration is active and valid.

14. Newtek's NEWTEK® Marks are strong and inherently distinctive. Since 2000, Newtek has expanded its use of and registrations for marks comprising "NEWTEK" and/or "NEWT", and the NEWTEK® Marks have developed invaluable goodwill and reputation within the financial industry as a designator of source of the Newtek Services.

15. Newtek's NEWTEK® Marks have become well-known throughout the financial industry. Through its widespread, continuous, and substantially exclusive use of the NEWTEK® Marks to identify the Newtek Services and Newtek as its source, Newtek owns valid and subsisting federal statutory and common law rights in the NEWTEK® Marks.

16. Newtek has expended significant time, money, and resources marketing, advertising, and promoting its services under the NEWTEK® Marks.

17. The market success of the Newtek Services offered under the NEWTEK® Marks has been extraordinary, and the relevant public has come to rely upon and recognize the Newtek Services by the NEWTEK® Marks.

18. Newtek has spent twenty years building and developing its NEWTEK® Marks for its Newtek branded line of business products and financial solutions to offer a full service suite of business and financial solutions for the United States small to medium sized business market.

19. In connection with its NEWTEK® Marks, Newtek, through its wholly owned subsidiary Newtek Small Business Finance, LLC, has been a nonbank lender licensed by the SBA since 2002. In 2021, Newtek funded $560 million of SBA 7(a) loans. As of March 31, 2022, Newtek was ranked the second largest SBA 7(a) lender by loan approval dollar volume. Also in 2021, Newtek, through its wholly owned Newtek Merchant Solutions, LLC, had in excess of $5 billion in credit card processing transaction volume. Newtek, through its wholly owned Newtek Insurance Agency, LLC, is a 50-state licensed insurance coverage producer, and also provided complete payroll, human resources and employee benefit solutions under its NEWTEK® Marks (Newtek Payroll and Benefits Solutions, LCC). Newtek, using its

NEWTEK® Marks (Newtek Technology Solutions, Inc.), provides a wide range of managed technology solutions.

20. Newtek engages in significant efforts to enforce its intellectual property rights and to defend its NEWTEK® Marks against infringers and potential infringers.

21. Newtek has notified Newity of Newtek's NEWTEK® Marks and requested that Newity withdraw, amend, and/or cease use of its NEWITY Designations (defined below) and/or any additional designations that are confusingly similar to Newtek's NEWTEK® Marks.

### BACKGROUND AS TO NEWITY'S UNLAWFUL CONDUCT

22. Newity began is operating under the business name NEWITY (the "NEWITY Designation") in 2021, and using this designation in United States commerce in connection with identical services to the Newtek Services, namely business lending solutions to businesses, such as SBA 7(a) loans, technology services to protect businesses from potential cyber vulnerabilities and attacks, and business insurance services to provide businesses with property, general liability, and other coverages.

23. Newity established the domain NEWITYMARKET.COM, in which it advertises its financial services, including its business lending and insurance solution services.

24. On September 17, 2021, Newity applied for U.S. Trademark Application Serial No. 97032898 for NEWITY for "financial services, namely, providing loan underwriting and loan account servicing for small business loans through a data and technology platform; Providing small business lending underwriting and small business lending account servicing via mobile devices and the Internet; Providing insurance brokerage and referral services" in Class 36 and "software as a service (SaaS) services featuring software for providing a computer software data and technology platform for use in small business loan underwriting and loan account

9

servicing; Software as a service (SaaS) services featuring computer software platforms for originating funds deployed to businesses; Software as a service (SaaS) services featuring computer software platforms for underwriting funds deployed to businesses; Software as a service (SaaS) services featuring software for credit decisioning; Software as a service (SaaS) services featuring software for credit risk monitoring; Providing temporary use of non-downloadable software for credit decisioning; Providing temporary use of non-downloadable software for credit risk monitoring; Providing temporary use of non-downloadable software for providing a computer software data and technology platform for use in small business loan underwriting and loan account servicing; Providing temporary use of non-downloadable computer software for originating funds deployed to businesses; Providing temporary use of non-downloadable computer software for underwriting funds deployed to businesses" in Class 42 (the "NEWITY Application"). This was filed with a first use in commerce date of October 12, 2021. This application is currently pending.

25. The NEWITY Designation is confusingly similar in sound, appearance, and overall commercial impression to Newtek's NEWTEK® Marks. Further, Newity offers the same business lending, technology, and insurance solution services as Newtek offers in connection with its NEWTEK® Marks, and in the same or similar channels of trade.

26. Newtek became aware of Newity's use of the NEWITY Designation and the NEWITY Application in March 2022. On March 21, 2022, Newtek sent Newity a cease and desist letter notifying Newity of Newtek's NEWTEK® Marks, the related Newtek Services, and objecting to Newity's use of the Newity Designation and the Newity Application. Newtek requested that Newity: (1) immediately cease all use of the NEWITY Designation and any confusingly similar variations thereof in the United States; (2) withdraw any pending trademark

applications for the mark NEWITY, including the pending NEWITY Application; (3) refrain from filing any future United States state or federal trademark applications for marks comprising the NEWITY Designation, or similar variations thereof; and (4) refrain from otherwise infringing upon Newtek's intellectual property rights or syphoning off of its goodwill in its NEWTEK® Marks (or any other trademarks, service marks, domain names, or trade names owned by Newtek).

27. Newity sent a letter in response on March 28, 2022, refusing to comply with Newtek's demands.

28. Newtek, through its counsel, responded to Newity's March 28, 2022 letter on April 12, 2022, reiterating the similarities in sight, sound, meaning, and overall commercial impression between Newtek and Newity, as well as the direct overlap in services offered under each. Newtek also reiterated its demands as set forth in its original letter.

29. In addition, Newtek, through its counsel, filed a Letter of Protest with the United States Patent and Trademark Office against the NEWITY Application on the basis of a likelihood of confusion with the NEWTEK® Marks.

30. Throughout the months of negotiation, Newity's counsel consistently reiterated Newity's unwillingness to alter its name or otherwise refrain from using the NEWITY Designation.

31. In light of Newtek's continued use of NEWTEK® dating back to at least as early as 2000 as and its numerous federal registrations, Newtek's NEWTEK® Marks have priority over Newity's NEWITY Designation.

32. Newtek, directly and through counsel, on multiple occasions, communicated with Newity and its counsel regarding the NEWITY Designation. During these communications,

Newtek clearly put Newity on notice of Newtek's longstanding rights in its NEWTEK® Marks and requested the withdrawal, amendment, and/or cessation of use of the NEWITY Designation on the basis that the NEWITY Designation is likely to be confused with Newtek's NEWTEK® Marks when used in connection with identical business lending and insurance solution services.

33. By refusing to rename its business, and by continuing to use the NEWITY Designation, Newity has adopted and is using a highly similar variation of Newtek's NEWTEK® Marks with the intent to trade off the enormous goodwill that Newtek has earned in its NEWTEK® Marks and to deceive and confuse the public into believing that the services marketed under the NEWITY Designation are sponsored by, authorized by, associated with and/or originate from Newtek when they in fact do not.

34. Despite notice of Newtek's long-standing intellectual property rights in the NEWTEK® Marks, Newity has refused to discontinue its use, amend its application, or withdraw its application for the NEWITY Designation as requested by Newtek.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

35. Newtek repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

36. Newtek's NEWTEK® Marks are federally registered and, as such, the corresponding registrations are evidence of Newtek's exclusive right to use the NEWTEK® Marks in connection with the Newtek Services. 15 U.S.C. § 1115.

37. Further, the NEWTEK® Marks have all acquired incontestable status. Thus, the registrations for the NEWTEK® Marks shall be conclusive evidence of the validity of the registered marks, of Newtek's ownership of the marks, and of Newtek's exclusive right to use the registered marks in commerce in connection with the financial, insurance and other business

services specified in the affidavits filed under the provisions of §1065 or the renewal applications filed under the provisions of § 1059. 15 U.S.C. §1115.

38. The NEWTEK® Marks are inherently distinctive to both the consuming public and within the financial, insurance and business industries for the Newtek Services.

39. Newtek's well-known NEWTEK® Marks and the NEWITY Designation are similar with respect to sound, appearance, meaning, and create the same overall commercial impression.

40. The NEWTEK Marks and the NEWITY Designation both begin with "NEW" and contain three additional letters, one of which being a vowel and one being a T.

41. There are no existing U.S. federally registered trademarks for similar services that contain "NEW" and contain three additional letters, one of which being a vowel and one being a T, besides the existing NEWTEK® Marks.

42. The SBA business lending, technology, and insurance solution services offered by Newity under the NEWITY Designation are identical to the SBA lending, information technology, insurance and other business services offered by Newtek under its NEWTEK® Marks.

43. Use of the NEWITY Designation for such services will likely lead to confusion, mistake, or deception of the public within the meaning of Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d) and would otherwise cause injury and damage to Newtek's NEWTEK® Marks, as well as its good will and reputation.

44. Newity has infringed Newtek's NEWTEK® Marks in interstate commerce by various acts, including using the NEWITY Designation in association with the identical financial, insurance and other business services as the Newtek Services. This unauthorized use

by Newity constitutes infringement of Newtek's existing NEWTEK® Marks in violation of the Lanham Act, 15 U.S. C. § 1051 et seq., to the substantial and irreparable injury of the public and of Newtek's NEWTEK® Marks, business reputation, and goodwill.

45. Newtek has not given consent to Newity to use the NEWITY Designation or any other confusingly similar mark to the NEWTEK® Marks.

46. Newity's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Newtek in its NEWTEK® Marks and in its business, reputation, and goodwill. Newtek's damages from the aforesaid unlawful actions of Newity, to the extent ascertainable, have not yet been determined.

47. By the forgoing actions, Newity has clearly engaged in willful trademark infringement in violation of 15 U.S.C. § 1117.

48. Newtek seeks attorney's fees and costs given the willful conduct of Newity.

49. Newtek seeks treble damages given the willful conduct of Newity.

## COUNT II
## FEDERAL UNFAIR COMPETITION

50. Newtek repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

51. Newtek and Newity are competitors and both offer the same financial services, namely business lending solutions including offering SBA 7(a) loans to provide small businesses with working capital, technology services to protect businesses from cyber-attacks, and insurance solutions to provide businesses with property, general liability, and other coverages.

52. Newtek's incontestable registrations for its NEWTEK® Marks are strong and inherently distinctive. Since its original use in 2000, Newtek has expanded its use of "NEWTEK" and the NEWTEK® Marks have developed invaluable goodwill and reputation

within the financial, insurance and business industries as a designator of source of the Newtek Services.

53. Long after Newtek's adoption and use of its NEWTEK® Marks in connection with the Newtek Services, Newity adopted and began operating under the NEWITY Designation in connection with identical financial, insurance and other business services, including but not limited to, SBA business lending, technology, and insurance solution services.

54. Newity's activities are likely to cause confusion, or to cause mistake, or to deceive, causing great harm to Newtek's reputation and goodwill.

55. Newity has unfairly competed with Newtek's NEWTEK® Marks in interstate commerce by various acts, including applying for the NEWITY Application that is likely to be confused with the NEWTEK® Marks and using the NEWITY Designation in connection with related financial, insurance and other business services, including but not limited to, SBA business lending, technology, and insurance solution services. This unauthorized use by Newity constitutes unfair competition to the substantial and irreparable injury of the public and of Newtek's NEWTEK® Marks, business reputation, and goodwill in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56. The activities of Newity complained of herein constitute willful and intentional tort, in derogation of Newtek's rights. Acts of unfair competition commenced and have continued in spite of Newity's knowledge that the use, registration, and application of the NEWITY Designation in connection with its financial services was and is in contravention of Newtek's rights.

57. Newtek has not given consent to Newity to use the NEWITY Designation or any other confusingly similar mark to the NEWTEK® Marks.

58. Newity's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Newtek in its NEWTEK® Marks and in its business, reputation, and goodwill. Newtek's damages from the aforesaid unlawful actions of Newity, to the extent ascertainable, have not yet been determined.

59. Newtek seeks attorney's fees and costs given the willful conduct of Newity.

60. Newtek seeks punitive damages given the willful conduct of Newity.

## PRAYERS FOR RELIEF

**WHEREFORE**, Newtek prays for relief against Newity as follows:

1. That the Court preliminary and permanently enjoin and restrain Newity, its officers, directors, agents, employees and all persons in active concert or participation with Newity who receive actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

    A. infringing or contributing to the infringement;

    B. engaging in any acts or activities directly or indirectly calculated to infringe Newtek's NEWTEK® Marks;

    C. using, selling, offering for sale, promoting, advertising, marketing or distributing services and/or products, advertisements or marketing materials that use the term "NEWITY," or any mark similar thereto;

    D. using any other configuration or design that is confusingly similar to Newtek's NEWTEK® Marks; and

    E. otherwise competing unfairly or deceptively with Newtek in any manner whatsoever.

2. That the Court find that Newity is infringing Newtek's NEWTEK® Marks and is competing unfairly with Newtek.

3. That the Court Order Newity to account for and pay to Newtek the damages to which Newtek is entitled as a consequence of the willful infringement of Newtek's NEWTEK® Marks.

4. That the Court Order Newity to account for and to pay over to Newtek all damages suffered by Newtek as a result of Newity's unfair competition.

5. That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Newity so as to prevent fraud on the Court and so as to ensure the capacity of Newity to pay, and the prompt payment of, any judgment entered against Newity in this action.

6. That the Court award Newtek its compensatory, incidental, and consequential damages.

7. That the Court award Newtek enhanced, treble, and/or punitive damages.

8. That the Court award Newtek its reasonable attorney's fees and the costs of this action.

9. That the Court grant Newtek such other further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Newtek demands a trial by jury on all triable issues of fact.

DATED: June 29, 2022

Cozen O'Connor,

/s/ Thomas Francella
Thomas Francella (#3835)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Tel: (302) 295-2023
E-mail: tfrancella@cozen.com

                                        Camille M. Miller - PA Attorney ID #79670
                                        Melanie A. Miller - PA Attorney ID # 73499
                                        Madison H. McNulty – PA Attorney ID # 330924
                                        COZEN O'CONNOR
                                        One Liberty Place, 1650 Market Street
                                        Philadelphia, Pennsylvania  19103
                                        Telephone:  (215) 665-2000
                                        Facsimile:  (215) 701-2273
                                        cmiller@cozen.com
                                        mmiller@cozen.com
                                        mmcnulty@cozen.com

                                        *Attorneys for Plaintiff*
                                        *Newtek Business Services Corp.*